## JESS BROWN v. STATE.

No. A-8974.  Jan. 24, 1936.
(54 Pac. [2d] 210.)

E. E. Ammons and Hazen Green, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county of having unlawful possession of intoxicating liquor, and his punishment fixed at 30 days' imprisonment and a fine of $50.

The information alleges that defendant had in his possession one pint of whisky with the unlawful intent to "* * * barter, sell, furnish, give away, transport and otherwise unlawfully dispose of same."

The main question presented is the sufficiency of the evidence.

The chief of police testified that he, the sheriff and a deputy sheriff made a search of defendant's premises; that they found about a pint of whisky and some empty bottles in defendant's home.   The sheriff and the deputy sheriff testified they found a little over a half pint of whisky, one or two glasses and 24 empty pint bottles.   On cross-examination both said that one Van Brunt had lived at the place some time before defendant moved there and that during Van Brunt's residence the reputation of the place was bad as to being a place where liquor was sold.   Also one Dow Bailey testified the reputation of the place was bad, and, further, that defendant told him he had sold his boy a pint of liquor.   One Elsie Grayson testified her father went to defendant's home at times and came

home drunk and sometimes would bring whisky with him. On cross-examination she testified he would be drunk at times when he went over there; that he drank a lot. This is the substance of the state's testimony.

When the state rested, defendant moved the court to instruct the jury to return a verdict of not guilty on the ground of insufficiency, which was denied.

Defendant testified the liquor in question belonged to one Bud Padgett, who was living with him, and was at the place at the time of the search; that they had been drinking hot toddies at the time of the search; he denied telling Bailey he had sold his boy whisky. Charlie Paxton testified he lived cornerwise across the street from defendant, that before defendant moved to this place one Van Brunt had lived there; that before and after defendant moved there people would come to his house inquiring for Van Brunt and for whisky.

An examination of the record convinces us the evidence is not sufficient to sustain the judgment. We are loath to reverse a case on the insufficiency of the evidence, but on a charge of unlawful possession the finding of so small a quantity of whisky—"a little over a half pint," as one of the state's witnesses testified, under the circumstances here shown, which indicate defendant and Padgett were drinking it, will not sustain the judgment. The proof more nearly shows the maintaining a nuisance than an unlawful possession. Defendant likely had transgressed the liquor laws at other times, but on this particular occasion there is a lack of evidence to show an unlawful possession.

The case is reversed.

DAVENPORT, and DOYLE, JJ., concur.